MRS. ANNIE A. BAUM, ADMINISTRATRIX OF T. A. BAUM ESTATE, SUBSTITUTE PLAINTIFF FOR T. A. BAUM, DECEASED, v. GIRARD FIRE & MARINE INSURANCE COMPANY.

(Filed 25 February, 1948.)

**1. Insurance § 61—**

A provision in a policy of marine insurance "warranted free of particular average unless caused by the vessel or interest being stranded, sunk, burnt, on fire or in collision," means insurer exempts itself from liability from a particular peril or loss unless such loss arises from "being stranded, sunk, burnt, on fire or in collision."

**2. Same—**

A policy of marine insurance indemnifying against loss caused by "collision" does not cover loss occasioned by contact between the vessel and a submerged obstruction.

APPEAL by plaintiff from *Parker, J.,* at October Term, 1947, of DARE.

In April, 1941, the defendant issued to T. A. Baum and others as their respective interests might appear, a policy of insurance on a Fairbanks-Morse 100 H.P. Diesel Engine, Serial No. 760519, in the scow type ferry "Emperor." This engine, however, was installed in the plaintiff's ferry boat "Dare," and was never operated in the "Emperor."

On or about 3 May, 1941, while proceeding from Roanoke Island to Mann's Harbor, the propeller of the "Dare" struck some submerged object which plaintiff alleges damaged the engine. The plaintiff alleges the defendant is liable to the estate of her intestate under the terms of the policy for the damages sustained.

The plaintiff T. A. Baum, having died after the institution of this action, the administratrix of his estate was substituted as party plaintiff.

The pertinent parts of the policy are as follows: "It is further mutually agreed that this policy does not cover bursting or explosion of.

boilers, collapsing of flues or injury, derangement or breakage of machinery and/or any expenses in consequence thereof or any loss of or damage to any such parts and/or to any other parts of the vessel directly or indirectly resulting from such occurrences, unless the Assured shall establish that such occurrences were caused solely by sinking, stranding, collision with another vessel or burning."

Attached to the policy is a mimeographed rider, reading as follows: · "(1) This insurance covers only upon ONE FAIRBANKS-MORSE-100 H.P. DIESEL ENGINE. SERIAL NUMBER 760519.

"(2) Warranted free of particular average unless caused by the vessel or interest being stranded, sunk, burnt, on fire or in collision."

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Martin Kellogg, Jr., and John H. Hall for plaintiff.*
*W. A. Worth for defendant.*

DENNY, J. The appellant excepts and assigns as error the refusal of the trial judge to admit certain evidence which would tend to show that the plaintiff requested the Agent of the defendant to issue the policy of insurance involved herein, on the engine in question in the ferry boat known as the "Dare."

Conceding but not deciding that the exclusion of this testimony was erroneous, we do not think it is material to a decision on this appeal.

If it be conceded that the policy covers the engine in question, the defendant denies liability on the ground that the policy does not cover the type of accident which the plaintiff alleges caused the damages to the engine. Therefore, the real question before us is whether or not the contact of the propeller of the "Dare" with some submerged object in the channel near Mann's Harbor, was a collision within the meaning of the policy issued by the defendant.

The provision in the rider, which constitutes a part of the contract, and reads as follows: "Warranted free of particular average unless caused by the vessel or interest being stranded, sunk, burnt, on fire or in collision," simply means the insurer exempts itself from liability from a particular peril or loss unless such loss arises from "being stranded, sunk, burnt, on fire or in collision." 45 C. J. S., 945.

The language of the insurance contract proper, expressly exempts the defendant from any liability growing out of a collision except where the collision is with another vessel. The rider, however, does not contain such express limitation. Therefore, it becomes necessary to ascertain

what is ordinarily meant by "collision" when used in a marine insurance policy.

In 45 C. J. S., 936, it is said: "Injury to, or loss of, the insured vessel or goods by collision comes under the risk of perils of the sea, . . . and the word 'collision' in a policy means the act of two ships or navigable objects striking together. It does not include the striking against a submerged or sunken object, or other stationary, nonfloating object. On the other hand, it has been held that the term 'collision' includes the impact of a vessel with other nonnavigable floating objects, provided such collision is accidental." *Lehigh & Wilkes-Barre Coal Co. v. Globe & Rutgers Fire Ins. Co.,* 6 F. (2d), 736; 43 A. L. R., 215; *Cline v. Western Assur. Co.,* 101 Va., 496, 44 S. E., 700; *Burnham v. China Mut. Ins. Co.,* 189 Mass., 100, 109 A. St. Rep., 627, 75 N. E., 74; *Carroll Towing Co., Inc., v. Aetna Ins. Co.,* 196 N. Y. S., 698, 203 App. Div., 430; *Newtown Creek Towing Co. v. Aetna Ins. Co.,* 163 N. Y., 114, 57 N. E., 302; 11 C. J., 1011.

In *Lehigh & Wilkes-Barre Coal Co. v. Globe & Rutgers Fire Ins. Co.,* supra, the Court held the steering of a vessel under tow in a narrow channel, so that it scrapes the side of the channel to its injury, is not a collision within the meaning of a marine insurance policy insuring against collision.

In the case of *Cline v. Western Assur. Co.,* supra, the vessel came in contact with some "sunken or floating obstruction" and was damaged. The plaintiff sought to recover damages, and alleged such damages were caused by collision. The decision of the Court is succinctly stated in the syllabus of the case, as follows: "The term 'collision' in a contract of marine insurance means the act of ships or vessels striking together, and does not embrace the striking of a sunken or floating substance." However, in the case of *Carroll Towing Co. v. Aetna Ins. Co.,* supra, the Court had before it the question whether a contact between a vessel and a floating, but nonnavigable, object constituted a "collision," within the meaning of that word as used in a policy of marine insurance. The Court held that accidental contact with a floating, but nonnavigable, object would constitute a collision within the meaning of the term as employed in a policy of marine insurance.

In *Burnham v. China Mut. Ins. Co.,* supra, the Court had under consideration several policies of insurance. Some of the policies insured against "the risk of collision sustained" and others against "loss sustained by collision with another vessel." The Court said: "We are of opinion that the two forms meant the same thing, namely, collision with another vessel." Whereupon the plaintiff was denied recovery under the policies. His ship had struck a vessel, sunk several hours before. The Court held the plaintiff's vessel had not come in contact with another vessel within the meaning of the policies.

The authorities are almost unanimous in holding that contact between a vessel and a submerged obstruction is not a "collision" within the meaning of that word, as used in a policy of marine insurance. Therefore, we hold that the policy of insurance involved herein does not cover the accident which the plaintiff alleges caused the damage to the insured property.

The judgment of the court below, is

Affirmed.